UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND ROGERS,

       Petitioner,

                                          CASE NO. 2:11-CV-15485
v.                                        JUDGE AVERN COHN
                                          MAGISTRATE JUDGE PAUL J. KOMIVES

RANDALL HAAS,

       Respondent.
                                  /

## SUPPLEMENTAL REPORT AND RECOMMENDATION

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural History*

Petitioner Cleveland Rogers commenced this habeas corpus action December 15, 2011, challenging his 2006 state court convictions for attempted first degree home invasion, MICH. COMP. LAWS §§ 750.92, .110a(2); attempted unlawful taking of a firearm from a peace officer, MICH. COMP. LAWS §§ 750.92, .479b(2); and resisting or obstructing an officer causing injury, MICH. COMP. LAWS § 750.81d, following a bench trial in the Wayne County Circuit Court. Petitioner was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent terms of 57 months' to 10 years' imprisonment each for the attempted home invasion and attempted unlawful taking convictions, and 2-4 years' imprisonment on the resisting or obstructing conviction. As grounds for the writ, petitioner raised a claim of suppression of exculpatory evidence several insufficiency of the evidence and ineffective assistance of counsel claims. Amongst the latter, petitioner claimed that appellate counsel was ineffective for failing to raise several claims on appeal.

Petitioner further claimed that, because counsel raised no claims challenging the home invasion and attempted disarming of an officer convictions, he was effectively denied counsel with respect to these convictions, and thus was entitled to relief without a showing of prejudice.

On April 8, 2013, I entered a Report recommending that the Court deny petitioner's habeas application. On the same date, petitioner filed a motion to supplement or amend the petition, seeking to add further information regarding his ineffective assistance of appellate counsel claim. By Order entered this date, I have granted that motion. This supplemental report addresses the additional information raised in petitioner's supplement.

B.   *Analysis*

In my prior report, I recommended that the Court conclude that petitioner is not entitled to habeas relief on his claims that appellate counsel was ineffective for failing to meet with him, failing to explain to him his *in propria persona* rights, and failing to attend oral argument because, even assuming that counsel was deficient in these respects, petitioner cannot establish prejudice. Nothing in petitioner's supplement addresses these issues or affects my prior analysis.

I also recommended that the Court reject petitioner's claim that he is entitled to a new appeal without having to show prejudice because counsel's appellate claims challenged only the resisting conviction, and did not relate to the other two convictions. I explained:

> In *Penson v. Ohio*, 488 U.S. 75 (1988), the Supreme Court essentially held that the "prejudice" component of *Strickland* is not applicable when an appellate lawyer fails either to file a brief or to seek to withdraw under the standard set forth in *Anders v. California*, 386 U.S. 738 (1967). *Penson*, 488 U.S. at 85-89. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court explained that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477. Conversely, "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. In the middle ground–that is, in cases in which "the defendant has not clearly conveyed his wishes

> one way or the other," *id.*–the Court explained that
>> the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.
>
> *Id*. at 478.  The Court further explained that although counsel should ordinarily directly consult a defendant about an appeal, "we cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id*. at 479.  Rather, the Court held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.
>
> Petitioner, relying on *Flores-Ortega* and *Anders*, argues that he was essentially denied his right to appeal the home invasion and resisting arrest convictions.  This argument is without merit.  Petitioner has cited, and I have found, no cases holding that an *Anders* brief is required where counsel raises claims going only to certain convictions in a case involving multiple convictions arising from a single transaction.  In such a case, counsel has not failed to appeal nor has he sought to withdraw from representing petitioner, as contemplated in *Anders*.  In the absence of any case suggesting that *Flores-Ortega* or *Anders* is applicable in these circumstances, the trial court's rejection of petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law under § 2254(d)(1).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

R&R, at 26-28 (footnote omitted).

In his supplement, petitioner argues that he was without counsel because the judgment of sentence and the order appointing counsel both indicate that the home invasion and disarming an officer convictions were vacated by the trial court.  It is unclear why these notations were made on

the judgment of sentence and order appointing counsel. There is no question that the these convictions were *not* vacated, and even petitioner does not argue that they were and that he is improperly serving a sentence on these counts.[1] Although it is unclear why these documents indicate that the home invasion and disarming an officer convictions were vacated, it is clear that counsel was not in any way misled by these notations. As noted above, it is clear that petitioner was convicted of and sentenced on each of the three counts, and nothing in the record would have suggested to counsel that petitioner was not properly convicted and sentenced on each count. Further, although counsel's merits brief in the Michigan Court of Appeals does not explicitly state any of the counts of conviction and provides only the barest sketch of the facts, appellate counsel filed an emergency motion to remand to address perceived problems with the Sentencing Information Report (SIR). In this motion, counsel clearly sets forth that petitioner was convicted on all three counts, and lists as his maximum sentence the higher sentences imposed on the home invasion and disarming an officer counts. The motion also includes and refers to the SIR, which itself lists the sentences on each count. *See* Emergency Mot. to Remand, in *People v. Rogers*, No. 274615 (Mich. Ct. App.) (this Court's docket entry #8-6, pp. 31-33). Thus, there is no basis on which to conclude that petitioner was actually or constructively denied counsel with respect to the home invasion and disarming an officer convictions such that he is entitled to a presumption of prejudice.

C.     *Conclusion*

---

[1] One possible explanation is that the confusion resulted from petitioner's sentencing as an habitual offender. There was a time in Michigan in which some courts would impose a sentence on both the underlying offense of conviction and a separate habitual offender sentence, and then vacate the underlying offense sentence. *See, e.g.*, *People v. Hardin*, 173 Mich. App. 774, 778, 434 N.W.2d 243, 245 (1988).

In view of the foregoing, I adhere to my previous recommendation. Consistent with that recommendation and the foregoing analysis, the Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2013

## PROOF OF SERVICE

    I hereby certify that a copy of this Supplemental Report and Recommendation was served upon Cleveland Rogers and Counsel of Record on this date.

Date: May 24, 2013	s/ Lisa C. Bartlett	
                                          Case Manager