UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND S. ROGERS,

    Petitioner,

Case Number: 11-15485

v.

HONORABLE AVERN COHN

RANDALL HAAS,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING PETITIONER'S OBJECTIONS (Docs. 18, 21)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 16) AND SUPPLEMENTAL REPORT AND RECOMMENDATION (Doc. 20)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILIY**
**AND DISMISSING CASE**

I.

This is a habeas cause under 28 U.S.C. § 2254. Petitioner Cleveland Rogers, filed a pro se petition on December 15, 2011, challenging his 2006 state court convictions for attempted first degree home invasion, M.C.L. §§ 750.92, .110a(2); attempted unlawful taking of a firearm from a peace officer, M.C.L. §§ 750.92, .479b(2); and resisting or obstructing an officer causing injury, M.C.L. § 750.81d, following a bench trial in the Wayne County Circuit Court. Petitioner was sentenced as a third habitual offender, M.C.L.§ 769.11, to concurrent terms of 57 months' to 10 years' imprisonment each for the attempted home invasion and attempted unlawful taking

convictions, and 2-4 years' imprisonment on the resisting or obstructing conviction.

As will be explained, Petitioner raised a multitude of claims. The matter was referred to a magistrate judge who filed a report and recommendation (MJRR), recommending that the petition be denied. (Doc. 16). The magistrate judge issued a supplemental MJRR, again recommending that the petition be denied. (Doc. 20). Before the Court are Petitioner's objections to the MJRR and the supplemental MJRR. For the reasons that follow, the objections will be overruled, the MJRR and supplemental MJRR will be adopted, the petition will be denied, a certificate of appealability will be denied, and the case will be dismissed.

II.

As grounds for relief, petitioner raised claims concerning the sufficiency of the evidence, the suppression of exculpatory evidence, and ineffective assistance of trial and appellate counsel. As to the latter, petitioner claimed that appellate counsel was ineffective for failing to raise various claims on appeal. Petitioner further alleged that because counsel raised no claims challenging the home invasion and attempted disarming of an officer convictions, he was effectively denied counsel with respect to these convictions, and therefore was entitled to relief without a showing of prejudice.

On April 8, 2013, the magistrate judge entered an MJRR recommending that the Court deny the petition. (Doc. 16). On the same date, Petitioner filed a motion to supplement or amend the petition, seeking to add further information regarding his ineffective assistance of appellate counsel claim. (Doc. 17). The magistrate judge granted Petitioner's motion to supplement. (Doc. 19). The magistrate judge then addressed the information in a supplemental MJRR (Doc. 20), and again recommended

that the petition be denied. Petitioner then filed objections to the supplemental MJRR. (Doc. 21).

Meanwhile, on April 19, 2012, Petitioner filed a document styled "Petition to Deny Report and Recommendation of Writ of Habeas Corpus." (Doc. 18). The Court construes this document as objections to the MJRR.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

IV.

Petitioner's objections do not carry the day. As to the MJRR, Petitioner presents the same arguments considered and rejected by the magistrate judge. The magistrate judge fully explained why Petitioner's sufficiency of the evidence, suppression of the evidence, and ineffective assistance of trial counsel claims do not warrant habeas relief. As to his claim of ineffective assistance of appellate counsel, the magistrate judge addressed it in both the MJRR and supplemental MJRR. The magistrate judge

concluded that none of the allegations rise to the level for habeas relief. That is, even assuming appellate counsel was deficient, none of the alleged deficiencies prejudiced Petitioner.

Accordingly, Petitioner's objections are OVERRULED. The MJRR and the supplemental MJRR are ADOPTED as the findings and conclusions of the Court. The petition is DENIED.

Finally, the magistrate judge recommends that a certificate of appealability be denied. The Court agrees with the magistrate judge that Petitioner is not entitled to a certificate of appealability because reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or that they should proceed further. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 20, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160